## SETTLEMENT AGREEMENT

This Settlement Agreement is made by and among, (i) ANG CHEN (hereinafter "Plaintiff") (ii) GINZA SUSHI 1688 INC d/b/a Ginza Sushi; 251 GINZA SUSHI HUANG INC. d/b/a Ginza Sushi; 251 GINZA SUSHI CHEN INC. d/b/a Ginza Sushi and ; and 251 GINZA SUSHI NY INC. d/b/a Ginza SushiBENCHI CHEN, JINXIU HUANG, XUE QING YOU a/k/a Xue You, SHU JAHNE, ZHOU JIN CHEN a/k/a Zhou Chen, and ZENG YUN LIU a/k/a Yun Liu Zeng (hereinafter, "Defendants"), (Plaintiff and Defendants, collectively, "the Parties"); and

WHEREAS, Plaintiff was employed by Defendants for certain time periods; and

WHEREAS, on June 22, 2017, ANG CHEN, through her attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Southern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), 17-cv-04746 (the "Complaint"); and

WHEREAS, Defendants deny all claims in Plaintiff's Complaint ;

WHEREAS, the Parties have determined it to be in their mutual interest to settle the Action and all matters between them; and

WHEREAS, the Parties desire to have no further obligation to each other, except as specifically provided herein; and

WHEREAS, Plaintiff has, throughout the negotiation and execution of this Agreement, been represented by her counsel, John Troy, Esq., Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355, Tel: 718 762 1324; and

WHEREAS, Defendants have, throughout the negotiation and execution of this Agreement, been represented by their counsel, I. Frederick Shotkin, Esq., Esq., Shotkin, Zhang & Associates P.C., 45 West 34th Street Suite 603, Tel: 2122688668, Email: frederick.nylawyer@gmail.com, gmlawoffice668@gmail.com and

WHEREAS, Plaintiff's Attorney and Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses; and

WHEREAS, Plaintiff's Attorney and Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses (the "Agreement"); and

WHEREAS, Plaintiff acknowledges that she have entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone; and

WHEREAS, Plaintiff acknowledges that she understands the meaning and effect of the execution of this Agreement.

THEREFORE, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

1. **Settlement Amount and Method of Payment**

In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's specific release of all wage-and-hour claims only against Defendants and the Releasees (as defined herein) as set forth in Paragraph 2 below, Defendants will provide Plaintiff with a settlement in the amount of Thirty-One Thousand Dollars ($31,000.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of One Thousand Seven Hundred Seventy-Five Dollars And Fifty-Nine Cents ($1,775.59). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Twenty-Nine Thousand Two Hundred Twenty-Four Dollars And Forty-One Cents ($29,224.41).

Of the Net Settlement Amount, One Third (1/3), or Nine Thousand Seven Hundred Forty-One Dollars And Forty-Seven Cents ($9,741.47), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of One Thousand Seven Hundred Seventy-Five Dollars And Fifty-Nine Cents ($1,775.59) for a total of Eleven Thousand Five Hundred Seventeen Dollars And Six Cents ($11,517.06). Of the Net Settlement Amount, Two Thirds (2/3), or Nineteen Thousand Four Hundred Eighty-Two Dollars And Ninety-Four Cents ($19,482.94) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

The Settlement shall be payable on a schedule as set forth as follows:

i) Thirty-One Thousand Dollars ($31,000.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within thirty days of judicial approval of this settlement agreement and consist of three (3) checks:

01) A bank check made payable to "Troy Law, PLLC" in the amount of of One Thousand Seven Hundred Seventy-Five Dollars And Fifty-Nine Cents ($1,775.59) and memo noting "GINZA SUSHI 1688 INC d/b/a Ginza Sushi Settlement" representing out-of-pocket costs expended on behalf of Plaintiff for the present action;

02) A bank check of Nine Thousand Seven Hundred Forty-One Dollars And Forty-Seven Cents ($9,741.47), made payable to "Troy Law, PLLC" and memo noting "GINZA SUSHI 1688 INC d/b/a Ginza Sushi Settlement"; and

03) A bank check of Nineteen Thousand Four Hundred Eighty-Two Dollars And Ninety-Four Cents ($19,482.94), made payable to "ANG CHEN" and memo noting "GINZA SUSHI 1688 INC d/b/a Ginza Sushi Settlement".

2. **Missed/ Late Payment**

a) If the payment is received by Plaintiff's counsel seven (7) or more days after its due date or if the check is received on time but bounces or is unpresentable for payment, including being not signed or being made to the incorrect payee, Defendant agrees to pay a late charge of nine percent (9%) of that Settlement Payment and this charge will be paid with the new payment.

b) Defendants agree to pay both Defendants' Counsel and Plaintiff's counsel for reasonable time spent conferring with each other, bank, and Defendants as a result of any late or non-depositable payment. This fee will be due alongside the late or non-depositable payment.

c) In addition, if payment is received more than thirty (30) days after the due date of the check, Defendant agrees to pay an additional interest charge accrued at a simple interest of nine percent (9%) per year.

### 3. Attorneys' Fees in the Event of Default

d) In the event of a breach of the agreement by Defendants for defaulting on the payment of the settlement amount, Defendant shall be responsible for Plaintiff's attorneys' fees for attorneys' fees and cost and disbursements of judgment lien enforcement proceedings

### 4. Acceleration of Settlement Sum Upon Default

e) In the event Defendants breach this Settlement agreement by failing to make timely payment, such breach shall result in accelerated payment of the entire Settlement sum.

### 5. Tax

f) Each payer of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

### 6. Full Payment

g) Except as set forth in this Paragraph 1, Plaintiff is not entitled and shall not receive, any other payments or benefits from Defendants or the Releasees. Plaintiff acknowledges and agrees that unless she enters into this agreement, she would not otherwise be entitled to receive the consideration set forth in this Paragraph 1. Additionally, Plaintiff each acknowledges and agrees that after receipt of the consideration set forth in this Paragraph 1, he/ she has each been paid and/or each received all compensation, wages, tips, fees, bonuses, commissions, and/or benefits to which each of them is, was, or may have been entitled.

h) The payments reflected in this Paragraph 1 are made in full and complete settlement of any and all claims by Plaintiff against Defendants including but not limited to any and all claims arising from or concerning employment or the termination thereof, for actual damages, front pay, back pay, compensatory damages, liquidated damages, physical, mental and emotional injuries and pain and suffering, economic damage, damage to and loss of reputation, punitive damages, interest, attorneys' fees and costs and all claims which were or could have been in Plaintiff's Complaint and all other related matters.

### 7. Mutual Release

In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually and on behalf of her children, spouse, agents, heirs, executors, administrators, beneficiaries, trustees and legal representatives, hereby waive, discharge, and release (i)

BENCHI CHEN, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (ii) JINXIU HUANG, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (iii) XUE QING YOU a/k/a Xue You, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (iv) SHU JAHNE, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (v) ZHOU JIN CHEN a/k/a Zhou Chen, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (vi) ZENG YUN LIU a/k/a Yun Liu Zeng, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (vii) GINZA SUSHI 1688 INC d/b/a Ginza Sushi and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (viii) 251 GINZA SUSHI HUANG INC. d/b/a Ginza Sushi and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (ix) 251 GINZA SUSHI CHEN INC. d/b/a Ginza Sushi and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; (x) 251 GINZA SUSHI NY INC. d/b/a Ginza Sushi and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; from any claims whatsoever alleged in the Complaint and Amended Complaints, including without limitation liquidated damages, compensatory damages, punitive damages, wages, tips, and penalties of any nature whatsoever. This release does not include a release of any rights Plaintiff's may have under this Agreement.

Nothing herein, however, shall prevent Plaintiff from filing a charge or participating in any investigation or proceeding conducted by the National Labor Relations Board, the Securities and Exchange Commission, the Equal Employment Opportunity Commission or a federal, state, or local fair employment practices agency; provided, however, that Plaintiff further agrees and understands that she has each waived her right to recover monetary damages from Defendants in connection with any such charge, complaint or lawsuit filed by her or on her behalf arising from, or in any way relating to, her employment with Defendants.

Defendants unconditionally and irrevocably give up and release, to the fullest extent permitted by law, Plaintiff, Plaintiff's heirs, agents, and successors, jointly and severally, of and any and all actions, charges, complaints, controversies, demands, cause of action, suits and/or claims, that Defendants have or may have against Plaintiff as of the date the Agreement is signed on behalf of Defendants.

### 8. Discontinuance of Claims

Plaintiff acknowledges and agrees that she is not presently aware of any legal proceeding other than the Action pending between Plaintiff and/or her representatives and Defendants or the Releasees. Plaintiff agrees to dismiss and withdraw Consolidated Action by executing the Stipulation of Voluntary Discontinuance with Prejudice in the form annexed hereto as Exhibit A ("Stipulation"), which Stipulation Plaintiff's attorneys shall file by ECF to be So-Ordered by the Court. Plaintiff shall further agree to refrain from refiling any and all claims against Defendants and the Releasees, including but not limited to, any and all claims asserted, or which could have been asserted, in the Complaint.

### 9. Agreement Not to File Suit/ Arbitration for Past Acts

Plaintiff, for and on her behalf and each of her respective beneficiaries, executors, administrators, successors, assigns, and anyone claiming through or under any of the foregoing, agree that they will not file or otherwise submit any claim, complaint, arbitration request or action to any court or judicial forum (nor will Plaintiff permit any person, group of persons, or organization to take such action on her behalf) against the Releasees arising out of any actions or non-actions on the part of Releasees arising before execution of this Agreement. Plaintiff further agrees that in the event that any person or entity should bring such a claim, complaint, or action on her behalf, Plaintiff hereby waives and forfeits any right or claim to any form of monetary or other damages or any other form of recovery or relief in connection with any such action and will exercise every good faith effort understand that the provision of this paragraph mean that she cannot bring a future lawsuit against Defendants arising out of any actions or failures to act arising before Plaintiff's execution of this Agreement.

### 10. Denial of Wrongdoing

Nothing contained in this Agreement, nor the fact that Plaintiff has been paid any remunerations under it, shall be construed, considered, or deemed to be an admission of liability or wrongdoing by Defendants or Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

### 11. Choice of Law and Forum

This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles. Any dispute, claim or cause of action arising out of, or relating to, Plaintiff's employment with Defendants or this Agreement shall be resolved in the United States District Court for the Southern District of New York, with the prevailing party being awarded reasonable attorneys' fees as well as reimbursement of the filing fees.

### 12. Entire Agreement

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understanding between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to them other than those contained in this Agreement.

### 13. Modification

This Agreement may not be changed unless the change is in writing and signed by the Parties.

### 14. General Provisions

The failure of any party to this Agreement to insist on strict adherence of any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

### 15. Legal Counsel

Plaintiff is hereby advised of her right to consult with an attorney before signing this Agreement. Plaintiff each hereby acknowledges that she is fully and fairly represented by Troy Law, PLLC, in connection with the review, negotiation and singing of this Agreement.

### 16. Execution

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF EACH ACKNOWLEDGES THAT HE/ SHE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTAND IT, AND IS VOLUNTARILY ENTERING INTO HIS OR HER OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**PLAINTIFF**

ANG CHEN

*Chen Ang*
Dated:

**DEFENDANTS**

BENCHI CHEN

_Ben chi chen_
Dated: 01/23/2018

JINXIU HUANG

_JinXiu Huang_
Dated: 01/23/2018

XUE QING YOU a/k/a Xue You

_Xue Qing You_
Dated: 01/23/2018

SHU JAHNE

_Shu Jahne_
Dated: 01/23/2018

ZHOU JIN CHEN a/k/a Zhou Chen

_zhou Jin Chen_
Dated: 01/23/2018

ZENG YUN LIU a/k/a Yun Liu Zeng

_Zeng Yun Liu_
Dated: 01/23/2018

GINZA SUSHI 1688 INC d/b/a Ginza Sushi

_Ben chi chen_
Name: Ben Chi Chen
Title: General Manager, President

Dated: 01/23/2018


251 GINZA SUSHI HUANG INC. d/b/a Ginza Sushi

*Jin Xiu Huang*
Name: Jin Xiu Huang
Title: Vice President
Dated: 01/23/2018


251 GINZA SUSHI CHEN INC. d/b/a Ginza Sushi

*Zhou Jin Chen*
Name: Zhou Jin Chen
Title: General Manager
Dated: 01/23/2018


251 GINZA SUSHI NY INC. d/b/a Ginza Sushi

*Jin Xiu Huang*
Name: Jin Xiu Huang
Title: Vice President
Dated: 01/23/2018

## EXHIBIT A.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x
CHEN *et al.*

                             Plaintiff,      Case No.17-cv-04746

    v.

GINZA SUSHI 1688 INC d/b/a Ginza Sushi *et al.*     **STIPULATION AND ORDER OF**
                                                                        **DISMISSAL WITH PREJUDICE**

                            Defendants.
-------------------------------------------------------------x

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiff and Defendants in the above captioned action, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed, with prejudice and without costs or attorneys' fees to any party, as to Plaintiffs or Defendants. This Court retains jurisdiction to enforce the Settlement Agreement and the Release of this action.

TROY LAW, PLLC
*Attorneys for the Plaintiff*

By: _____
John Troy (JT 0481)
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel: 718 762 1324

Shotkin, Zhang & Associates P.C.

*Attorneys for Defendants*

_____
I. Frederick Shotkin, Esq., Esq.
45 West 34th Street Suite 603
New York, NY 10001
Tel: 2122688668

SO ORDERED.

_____